IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **JUDSON EDWARDS, SR.,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SENTARA HOSPITALS,** | ) | |
| | ) | |
| Serve: CT Corporation System | ) | |
| 4701 Cox Rd Ste 285 | ) | |
| Glen Allen, VA 23060-6808 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Judson Edwards, Sr. ("Edwards" or "Plaintiff"), by counsel, for her Complaint against Defendant, Sentara Hospitals ("Sentara" or "Defendant"), alleges as follows:

PRELIMINARY STATEMENT

This action seeks compensatory damages for acute injuries suffered by Plaintiff Judson Edwards, Sr. on May 3, 2019, when he was staying as inpatient at Sentara Norfolk General Hospital. Defendant owned, operated and/or managed the above-referenced hospital. Plaintiff brings this case to remedy Defendant's failure to provide patients with disabilities with the accommodations and services to which they are entitled under the Americans with Disabilities Act ("ADA"). Plaintiff is an amputee and 100% disabled (*i.e.*, he is mobility impaired). He suffered severe physical and psychological injuries when he fell in a shower that was not in compliance with the ADA – after having been denied access to an ADA compliant shower by Defendant. Plaintiff seeks declaratory and injunctive relief for the insensitive and discriminatory practices and conditions he suffered while an inpatient at Defendant's hospital.

1

## THE PARTIES

1. Plaintiff Edwards is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Norfolk, Virginia.

2. Defendant Sentara is a Virginia corporation with its principal office in Norfolk, Virginia. Sentara owns and/or operates several hospitals and other healthcare facilities including Sentara Norfolk General Hospital ("Norfolk General") located 600 Gresham Drive, Norfolk, Virginia 23507.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Additionally, this Court has jurisdiction to hear all other claims so arising from the same set of operative facts under 28 U.S.C. § 1367(a).

4. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## STATEMENT OF FACTS

5. On or about April 30, 2019, Edwards was admitted into Norfolk General following an attempted suicide.

6. At the time of his admission Defendant removed Edwards' prosthetic right leg and confiscated it as a "safety precaution." As a result, Edwards was placed in a wheelchair.

7. At the time he was placed into a wheelchair, Edwards' nurse showed him that an alleged "handicap" shower was directly across the hall from his hospital room.

8. Around the same time, a bracelet was locked on Edwards wrist indicating he was a "fall risk."

9. On the morning of May 3, 2019, at approximately 5:30 a.m. Edwards contacted the Night Nurse, "Regina", on duty and requested use of the shower across the hall from his room (the alleged handicap shower). Regina denied Edwards access to that shower claiming it was "for women only." Instead, Reginia directed Edwards to use another shower located at the far end of the same hallway.

10. Edwards asked for assistance but was told to shower by himself.

11. Regina knew Edwards was confined to a wheelchair.

12. Regina knew or should have known Edwards was a "fall risk."

13. Edwards wheeled himself down the hall to the suggested shower. Upon arrival he noticed the shower was not ADA compliant. First, the shower was not easily accessible to persons with mobility impairments; its entrance offered a roughly four (4) or five (5) inch tall lip that impeded direct wheelchair access (*i.e.*, the shower floor was not within 0.5" of the top of the threshold). Second, the shower did not have any grab bars. Third, neither the shower nor the room had an emergency call button. Fourth, while the shower had a seat – a plastic patio-style chair – the seat was not ADA compliant.

14. The ADA (28 CFR § 36 et seq.) applies to the shower and entire hospital where Edwards was caused to fall and sustain injury.

15. Edwards was not accompanied to the shower and received no assistance from any employee of the hospital while entering the shower, showering or exiting the shower.

16. Edwards assumed the plastic chair was reliably safe considering it was in a hospital shower and he was ordered to use that same shower by Regina.

17. Edwards struggled (without the aid of grab bars) to exit his wheelchair and place himself on the (later to be learned) flimsy plastic chair. Edwards struggled to shower and clean himself, completely without any assistance.

18. After showering, Edwards attempted to leave the chair and enter the wheelchair, In the process, he struggled and fell to the ground striking his back and head on the floor causing serious injuries.

19. For approximately thirty (30) minutes Edwards struggled while crying from pain and intermittently yelling for assistance and attempting to pull himself up into the wheelchair.

20. Eventually having succeeded, Edwards wheeled himself to the Nurses' Station where he reported his fall. Regina told Edwards he would have to talk to "Charro" – the apparent "Floor Supervisor."

21. Within another half hour or so, Edwards reported the accident to Charro.

22. Regina told Edwards they would "quickly" get him "down to x-rays."

23. Edwards was not taken for x-rays until nearly 36 hours after his fall. The results of his x-rays were never shared with Edwards. His pain continued for the next several days.

24. Upon information and belief Defendant was aware that its hospital failed to meet the federal ADA requirements.

25. A day or so after his fall, Edwards saw and heard Charro talking to an apparent hospital maintenance worker. Charro told him "We need to put handrails in the shower." The maintenance worker shook his head in an annoyed fashion and said it would be "costly" and "first, we need to get three (3) quotes."

## COUNT I
### NEGLIGENCE *PER SE*

26. Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

27. At all relevant times, Defendant owed a duty to comply with applicable statues, regulations and rules of the Commonwealth of Virginia and the United States, including but not limited to the ADA.

28. Defendant breached its duty when it failed to provide Plaintiff an ADA compliant shower.

29. Plaintiff was, at the time of his fall and injuries, within the class of persons whom the above-referenced laws were meant to protect.

30. Defendant's failure to comply with the above-referenced laws created the type of discrimination and injuries the statutory schemes were designed to protect.

31. Defendant's failure to comply with the above-referenced laws was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence *per se*.

32. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

## COUNT II
### NEGLIGENCE

33. Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

34.     Defendant's shower was in a condition such that it had defects to include insufficient dimensions for wheelchair access, no grab bars, no emergency call button, and no ADA compliant shower seat.

35.     At all relevant times, Defendant was under a duty to act with reasonable care regarding the upkeep and maintenance of its premises on behalf of all guests and patrons of the hospital, including Plaintiff.

36.     Sentara openly advertises on its website an awareness of its obligation to patients, including but not limited to Plaintiff, under the ADA:

    a. Under "Patient Rights and Responsibilities" Sentara advertises the rights of patients to have "be kept safe at all times, and free from abuse or harassment." Also, the right to "receive the highest medical care that meets the standards of Sentara Healthcare regardless of race, culture, color, religion, marital status, age, sex, sexual orientation, gender identity, national origin or <u>any disability or handicap</u> or source of payment for your care." (emphasis added). Also, the right to "facilities that are accessible to you."

    b. Under "Notice of Nondiscrimination" Sentara advertises the rights of patients: "… Sentara Healthcare does not exclude, deny benefits to, or otherwise discriminate against any person on the grounds of race, culture, color religion, marital status, age, sex, sexual orientation, gender identity or gender expression, national origin or any disability or handicap. . ."

c.     At all relevant times, Defendant was under a duty to act with reasonable care as it relates to its care and supervision of Plaintiff as an amputee, "fall risk," inpatient of the hospital.

d. Plaintiff's fall and injuries were directly and proximately caused by the carelessness and negligence of Defendant as owners, operators and/or managers of the premises in one or more of the following respects:

   a. Defendant failed to assist and/or monitor, Plaintiff -- an amputee, "fall risk," wheelchair confined inpatient – who required a morning shower.

   b. Defendant negligently directed Plaintiff to use a non-ADA compliant shower that eventually caused serious injury to Plaintiff because of the shower's legal deficiencies.

   c. Defendant failed to properly maintain its shower and keep them in reasonably safe condition and compliant with the ADA, when it could have done so by exercising ordinary care under the circumstances, such that the shower was clear from unsafe hazards (e.g., a flimsy non-ADA compliant shower chair) on behalf of all guests and inpatients.

   d. Defendant failed to allow Plaintiff to use the alleged handicap shower that was available at the time of his requested shower.

   e. Defendant failed to properly maintain its shower and keep it in reasonably safe condition and compliant with the ADA, when it could have done so by exercising ordinary care under the circumstances, such that the shower was clear from unsafe hazards (*e.g.,* lack of grab bars and an emergency call button) on behalf of all guests and inpatients.

   f. Defendant failed to ensure the shower complied with the ADA.

e.	Defendants actions, as noted above, constitute wantonly and oppressive malice as to evince a spirt of malice or criminal indifference to civil obligations.  As such, Defendant's conduct arises to the level of gross negligence.

f.	As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages including emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

g.	Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

h.	Defendant had a duty to comply with the ADA.

i.	The shower in which Plaintiff was forced to shower and fell was not in ADA compliance.

j.	Defendant failed to maintain the shower facility in violation of Section 403 of the ADA such that Defendant should have maintained a shower accessible to wheelchairs with grab bars, an emergency call button and ADA compliance shower seat.

k.	Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

l.	As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff suffered injuries to his back and head.  Plaintiff suffered, suffers and will in the future continue to suffer great physical pain and mental anguish.

m.	As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to mental anxiety and emotional distress.

n.	Plaintiff is entitled to recover his reasonable attorneys' fees, costs and expert witness expenses pursuant to the ADA.

JURY DEMAND

**Plaintiff demands a jury trial.**

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Judson Edwards, Sr., prays for entry of judgment in favor of Plaintiff and against Defendant Sentara Hospitals in the form of the following relief:

a.      Compensatory Damages;

b.      Punitive Damages;

c.      Attorneys' fees and court costs associated with this suit; and

f.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: February 19, 2021                Respectfully submitted,

                                                JUDSON EDWARDS, SR.

                                                _____/s/_____
                                                Todd M. Gaynor, Esquire
                                                Virginia Bar No.: 47742
                                                GAYNOR LAW CENTER, P.C.
                                                440 Monticello Avenue, Suite 1800
                                                Norfolk, Virginia 23510
                                                PH: (757) 828-3739
                                                FX: (75) 257-3674
                                                EM: tgaynor@gaynorlawcenter.com

                                                *Counsel for Plaintiff*