## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

**JUDSON EDWARDS, SR.,**

    **Plaintiff,**

    **v.**                             **CIVIL NO. 2:21cv105**

**SENTARA HOSPITALS,**

    **Defendant.**

### OPINION AND ORDER

This cause of action arises from an accident that occurred during a hospital stay beginning on April 30, 2019, when Mr. Judson Edwards, Sr. ("Plaintiff") was admitted to Sentara Norfolk General Hospital ("Defendant Sentara") following an attempted suicide. ECF No. 1, Compl. ¶ 5. On May 3, 2019, Plaintiff, an amputee, alleges that he fell while showering and subsequently sustained injuries ("the incident"). Id. ¶¶ 7–15. Plaintiff now brings the following claims against Defendant Sentara for failure to provide adequate handicap shower facilities: Count II, General Negligence (id. ¶ 34); and Count III, Violation of Title III of the Americans with Disabilities Act (hereinafter "ADA") (id. at 8).[1] Defendant Sentara now moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF Nos. 7, 9. For the reasons stated herein, Defendant Sentara's Motions to Dismiss are **GRANTED**. ECF No. 7, 9.

---

[1] Plaintiff, in his Memorandum in Opposition, voluntarily withdrew Count I of the Complaint. ECF No. 11 at 7. Therefore, this Court need not consider the negligence per se claim.

injuries he suffered while staying at Norfolk Sentara Hospital on May 3, 2019. <u>See</u> Complaint, ECF No. 1.

On April 1, 2021, Defendant Sentara filed a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss for Lack of Jurisdiction") and accompanying memorandum in support. ECF Nos. 7, 8. That same day, Defendant Sentara filed a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss for Failure to State a Claim") and accompanying memorandum in support. ECF Nos. 9, 10. On April 15, 2021, Plaintiff filed a Response Memorandum in Opposition to Defendant Sentara's Motions to Dismiss. ECF No. 11. On April 21, 2021, Defendant Sentara filed a Reply to Plaintiff's Response. ECF No. 12. On December 27, 2021, this Court held an adversary hearing. ECF No. 17. The Court will now address Defendant Sentara's Motions to Dismiss. ECF Nos. 7, 9.

## II.     LEGAL STANDARD

### A.     Defendant Sentara's Motion to Dismiss Under 12(b)(1)

Defendant Sentara moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. In a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the burden rests with the plaintiff, the party asserting jurisdiction, to prove that federal jurisdiction is proper. <u>See</u> <u>Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.</u>, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject matter jurisdiction in two ways. First, a 12(b)(1) motion may attack the complaint on its face, as is the case here, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. <u>Int'l Longshoremen's Ass'n</u>, 914 F. Supp. at 1338; <u>see also</u> <u>Adams</u>, 697 F.2d at 1219. In

2

such a challenge, a court assumes the truth of the facts alleged by plaintiff–functionally affording the plaintiff the same procedural protection he would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219.

However, a 12(b)(1) motion may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); see also Adams, 697 F.2d at 1219. In that case, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the district court from evaluating for itself the merits of jurisdictional claims. Int'l Longshoremen's Ass'n, 914 F. Supp. at 1338; see also Adams, 697 F.2d at 1219. Because Defendant Sentara moves for dismissal on the basis of Plaintiff's facts alleged in the pleadings, attacking the face of the Complaint, the Court will assume the truth of the facts as alleged by Plaintiff in deciding whether this Court has jurisdiction.

## B.    Defendant Sentara's Motion to Dismiss Under 12(b)(6)

Defendant next moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Neitzke v. Williams, 409 U.S. 319, 326–27 (1989).

A Rule 12(b)(6) motion permits dismissal of a complaint where it "fail[s] to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007) (internal quotation omitted). To survive a motion to dismiss, the complaint

3

need not contain detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The claim must be "plausible on its face." Id. at 570.

When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991) (quotation omitted); Davis, 896 F. Supp. at 566 (citing Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992)). "Although a complaint need not contain detailed factual allegations, '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Andreana v. Virginia Beach City Pub. Sch., No. 2:17-CV-574, 2018 WL 2182297, at *5 (E.D. Va. May 9, 2018) (quoting Twombly, 550 U.S. at 555).

Legal conclusions, which provide the complaint's framework, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. If the factual allegations alleged by the plaintiff do not nudge the plaintiff's claims "across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570. Additionally, "a plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." Hooker v. Disbrow, No. 1:16-CV-1588-GBL-JFA, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017) (citing Barclay White Skansa, Inc.v. Battelle Mem'l Inst., 262 Fed. Appx. 556, 563 (4th Cir. 2008) (stating that plaintiffs may not amend their complaint through briefs in opposition to a motion for summary judgment)).

The Fourth Circuit Circuit has held that a motion to dismiss under Rule 12(b)(6) should be

4

granted only in "very limited circumstances." <u>Rogers v. Jefferson–Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." <u>Harrison v. United States Postal Serv.</u>, 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); <u>Davis v. Hudgins</u>, 896 F. Supp. 561, 566 (E.D. Va. 1995) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957)).

### III.    FACTUAL BACKGROUND

The facts recited herein are drawn from Plaintiff's Complaint and are assumed true only for purposes of deciding the motions to dismiss currently before the Court. They are not to be considered factual findings by this Court. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

On or about April 30, 2019, Plaintiff was admitted into Norfolk General following an attempted suicide. ECF No. 1, Compl. ¶ 5. At the time of Plaintiff's admission, Plaintiff's prosthetic right leg had been removed as a safety precaution, placing Plaintiff in a wheelchair. <u>Id.</u> ¶¶ 6–7. Plaintiff alleges that at the time he was placed into a wheelchair, his nurse showed him that a purported "handicap" shower was directly across the hall from his hospital room. <u>Id.</u> ¶ 7. Around the same time, Plaintiff asserts a bracelet was locked on his wrist indicating he was a "fall risk." <u>Id.</u> ¶ 9. On the morning of May 3, 2019, at approximately 5:30 a.m., Plaintiff contends that he contacted the Night Nurse on duty and requested use of the handicap shower across the hall from his room. <u>Id.</u> The Night Nurse denied Plaintiff access to that shower claiming it was "for women only." <u>Id.</u> She directed Plaintiff to use another shower located at the far end of the same hallway. <u>Id.</u>

Plaintiff asked for assistance but was told to shower by himself. <u>Id.</u> ¶ 10. Plaintiff alleges the Night Nurse knew he was confined to a wheelchair and knew or should have known he was a

"fall risk." Id. ¶¶ 11–12.  Plaintiff wheeled himself down the hall to the suggested shower and noticed the shower was not ADA compliant.  Id. ¶ 13.  Plaintiff alleges the following regarding problems with the shower:

> First, the shower was not easily accessible to persons with mobility impairments; its entrance offered a roughly four (4) or five (5) inch tall lip that impeded direct wheelchair access (i.e., the shower floor was not within 0.5" of the top of the threshold).  Second, the shower did not have any grab bars.  Third, neither the shower nor the room had an emergency call button.  Fourth, while the shower had a seat – a plastic patio-style chair – the seat was not ADA compliant.

Id.  Plaintiff was not accompanied to the shower and received no assistance from any employee of the hospital while entering the shower, showering, or exiting the shower.  Id. ¶ 15. Plaintiff assumed the plastic chair was reliably safe considering it was in a hospital shower and he was ordered to use that same shower by Regina. Id. ¶ 16.  Plaintiff alleges that he struggled (without the aid of grab bars) to exit his wheelchair and place himself on what was a flimsy plastic chair. Id. ¶ 17.  Plaintiff struggled to shower and clean himself completely without any assistance. Id.  After showering, Plaintiff claims that as he attempted to leave the chair and enter the wheelchair, he struggled and fell to the ground striking his back and head on the floor, causing serious injuries. Id. ¶ 18.

Plaintiff alleges that for approximately thirty (30) minutes, he struggled while crying from pain and intermittently yelling for assistance and attempting to pull himself up into the wheelchair. Id. ¶ 19.  Plaintiff then wheeled himself to the Nurses' Station where he reported his fall. Id. ¶ 20. The Night Nurse told Plaintiff he would have to talk to the "Floor Supervisor." Id. 21.  Within another half hour or so, Plaintiff reported the accident to the supervisor. Id. ¶ 21.  The Night Nurse told Plaintiff they would "quickly" get him "down to x-rays." Id. ¶ 22.  Plaintiff claims that he was not taken for x-rays until thirty-six (36) hours after his fall. Id. ¶ 23.  Plaintiff argues that he never saw the results of his x-rays, meanwhile his pain continued for the next several days. Id.  A

day or so after his fall, Plaintiff also claims that he saw and heard the Floor Supervisor talking to an apparent hospital maintenance worker, saying, "We need to put handrails in the shower." During this exchange, the maintenance worker shook his head and said it would be "costly" and "first, we need to get three (3) quotes." Id. ¶ 25.

## IV.   DISCUSSION

As noted above, Plaintiff now asserts two causes of action against Defendant Sentara in relation to the incident. Furthermore, Plaintiff seeks compensatory and punitive damages for the harm he sustained. ECF No. 1 at 9. Defendant Sentara, in its Motions to Dismiss, seeks dismissal of Plaintiff's ADA claim, urging the Court to find that Defendant failed to state a claim upon which relief can be granted, and that there is no federal question presented in this matter. ECF No. 8 at 3. Defendant Sentara argues that Plaintiff's Complaint contains only a medical malpractice claim clothed in the language of the ADA to obtain federal jurisdiction. ECF No. 10 at 2. Specifically, Defendant Sentara argues that Plaintiff's claims all fall within the scope of Virginia's Medical Malpractice Act (hereinafter "VMMA"). Id. at 5 (citing Va. Code §§ 8.01-581.1 et seq.). This Court agrees with Defendant Sentara.

Plaintiff contends that he is eligible to receive damages for the harm that he sustained as a result of showering in a non-ADA compliant shower under 42 U.S.C. § 12188(a). ECF No. 11 at 3. However, this Court must determine if Title III of the ADA provides a damages remedy at all. If it does not, Plaintiff's claim fails as he failed to state a claim upon which relief can be granted. Here, the issue turns on a question of statutory construction, which must begin with the language of the statute in question. See Riva v. Massachusetts, 61 F.3d 1003, 1007 (1st Cir. 1995). In this instance, the statute, 42 U.S.C. § 12188, establishes a remedial scheme for the enforcement of Title III of the ADA by incorporating remedies available under Title II of the Civil Rights Act of 1964:

7

> The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability . . . or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title.

42 U.S.C. § 12188(a)(1).  In turn, the applicable enforcement provision of 42 U.S.C. § 2000a-3(a), states that a "person aggrieved" may institute "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order."  By the plain terms of that provision, a private party may obtain only forward-looking relief; damages for past harms are not available.  See Newman Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968) (per curiam); cf 42 U.S.C. § 12188(b)(2)(B) (authorizing federal courts to award money damages to persons involved in parens patriae suits brought by the Attorney General under Title III).

Notably, several courts of appeals have reached the conclusion that § 12188(a)(1) does not contemplate an award of money damages in suits brought by private parties, like Plaintiff in this case.  See e.g. Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 86 (2d Cir. 2004); Bowers v. NCAA, 346 F.3d 402, 433 (3d Cir. 2003); Am. Bus Ass'n v. Slater, 231 F.3d 1, 5 (D.C. Cir. 2000); Smith v. Wal-Mart Stores, Inc., 167 F.3d 286, 293 (6th Cir. 1999); Jairath v. Dyer, 154 F.3d 1280, 1283 n.7 (11th Cir. 1998).  This unbroken line of cases makes manifest that money damages are not an option for private parties suing under Title III of the ADA.  Additionally, in Wagner v. Regent Investments, Inc., Judge Rebecca Beach Smith of this Division also ruled in a well-reasoned opinion that there is no private remedy for damages under § 12188.  903 F. Supp. 966, 969 (E.D. Va. 1995).  Judge Smith rightly noted that Congress' decision not to create such a remedy, particularly in light of the availability of private damages under other sections of the ADA, "reveals its intent that reference to ADA provisions in a state court action for damages is insufficiently 'substantial' to confer federal question jurisdiction over the claim."  Id. at 970.

8

Here, the only remedy this Court could grant Plaintiff under Title III of the ADA would be injunctive relief. However, Plaintiff openly admits that he is only seeking damages. In fact, even if Plaintiff sought injunctive relief, his claim would fail because Defendant Sentara already has an ADA compliant shower on the floor where Plaintiff resided when the accident occurred. Accordingly, this Court concludes Plaintiff failed to state a claim upon which relief can be granted because there is no private remedy for damages under § 12188 of the ADA. Therefore, this Court dismisses Count III. If this Court dismisses Count III, the ADA claim, it cannot exercise subject matter jurisdiction over Count II, the state law negligence claim. Thus, this Court dismisses Count II for lack of subject matter jurisdiction.

## V.    CONCLUSION

Because Plaintiff's Complaint does not present a sufficiently substantial federal question to confer jurisdiction on this Court, Defendant Sentara's Motions to Dismiss are **GRANTED**. ECF Nos. 7, 9. Counts II and III are, therefore, dismissed.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.


**IT IS SO ORDERED**.

/s/
Robert G. Doumar
UNITED STATES DISTRICT JUDGE
Senior United States District Judge

Norfolk, VA
January 3, 2022

9